UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAQUANN REED,                          :
                                       :   Civil Action No. 12-4672 (NLH)
          Plaintiff,          :
                                       :
         v.                      :   **OPINION**
                                       :
CHRISTOPHER FOSLER,                    :
                                       :
          Defendant.          :

**APPEARANCES:**

**LAQUANN REED,** Plaintiff pro se
262887
CCCF
330 FEDERAL STREET
CAMDEN, NJ 08101

**HILLMAN**, District Judge

  Plaintiff Laquann Reed ("Plaintiff") seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

  At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

**I. BACKGROUND**

  Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Christopher Fosler. The following factual allegations are taken from the complaint, and are

accepted for purposes of this screening only.   The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that during his regularly scheduled recreation period on July 2, 2012 at Camden County Correctional Facility, he was informed by correctional officers that for the remainder of his time at the jail, he would only be receiving 15-20 minutes of recreation time as punishment for his "legal court matters that [he is] incarcerated for and other prior disciplinary actions that took place."   As a result, Plaintiff alleges that there was a verbal exchange which led to a physical altercation between Plaintiff and several officers.   Plaintiff states that he had bruising on his upper body and a cut on his head from the fight.

Plaintiff requests that the defendant be held accountable for his actions and that the "defendant be 'recompensated' for pain and suffering caused by the actions of the said defendant."

## II.   DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.   The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B).   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation

3

> of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B.   Analysis**

**1.   Conditions-of-Confinement**

It appears that Plaintiff is attempting to raise a conditions-of-confinement claim for his reduced recreation time.

To the extent that Plaintiff was a pre-trial detainee at the time of the incident, the standard under *Bell v. Wolfish* applies.   441 U.S. 520, 535–37, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Specifically, when a pre-trial detainee claims that the conditions of his confinement violate his due process rights, "the proper inquiry is whether those conditions [at issue] amount to punishment of the detainee."  *Bell*, 441 U.S. at 535.  *Bell* established a two-prong standard for determining whether conditions of confinement violate Due Process: whether the questioned "restrictions and practices" (1) "are rationally related to a legitimate nonpunitive governmental purpose[,]" and (2) "whether they appear excessive in relation to that purpose."  *Id.* at 561.   The first prong of the *Bell* analysis requires a two-part inquiry, analyzing "first, whether any legitimate purposes are served by [the] conditions [of confinement], and second, whether these conditions are rationally related to these purposes."  *Hubbard v. Taylor*, 399 F.3d 150, 159 (3d Cir. 2005).

4

To the extent Plaintiff was a convicted prisoner at the time of the alleged incident, Plaintiff must allege facts plausibly showing (1) objectively, his conditions were so severe that they deprived him of an identifiable, basic human need, such as food, clothing, shelter, sleep, recreation, medical care, and reasonable safety, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Wilson v. Seiter*, 501 U.S. 294, 305 (1991), and (2) defendant was deliberately indifferent to the risk of harm to the plaintiff's health or safety. *See Farmer*, 511 U.S. at 837.

Under either standard, Plaintiff's claim fails. Specifically, he does not make any allegations against the only named defendant, Mr. Fosler. Further, he does not allege that he was actually deprived of his full hour of recreation time, only that he was advised by someone that he would be getting a reduction in yard time. As such, this claim will be dismissed without prejudice.

**2. Excessive Force**

It appears that Plaintiff is raising a claim of excessive force for the altercation that occurred outside of his cell.

The test for whether a claim of excessive force is constitutionally actionable under the Eighth Amendment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Giles v. Kearney*, 571 F.3d 318, 326–27 (3d Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)) (internal quotations omitted). In conducting this inquiry, courts consider: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to

5

the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *See id.* (citing *Whitley*, 475 U.S. at 319).

In this case, Plaintiff has not pled enough facts to satisfy *Iqbal*'s requirements. He generally alleges that "officers" assaulted him outside of his cell. However, he provides no details nor does he even name the officers who allegedly participated in said assault. As such, this Court will dismiss his claim without prejudice and allow Plaintiff to file an amended complaint.

## IV. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A (b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[1] An appropriate order follows.

Dated: April 25, 2013

At Camden.

                                                 s/ Noel L. Hillman  
                                                 NOEL L. HILLMAN  
                                                 United States District Judge

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*